UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN GOMEZ VASQUEZ,<br><br>                              Plaintiff,<br><br>   vs.<br><br>MAGGIE MILLER-STOUT, HEWSON, RICHARSON, FOX, HUGHES, ROLLINS, GREEN, and STOCKWELL<br><br>                              Defendants. | NO. CV-13-114-JTR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION<br><br>**1915(g)** |

BEFORE THE COURT is Plaintiff's undated First Amended Complaint, ECF No. 12, which the Court liberally construes as his Objections to the Report and Recommendation to Dismiss Complaint filed on August 26, 2013, ECF No. 11. Plaintiff, a prisoner currently housed at the Olympic Corrections Center in Forks, Washington, had not previously amended his complaint as directed in the Order filed June 21, 2013, ECF No. 9. He offers no explanation for this omission.

The Court has liberally reviewed Plaintiff's submission in the light most favorable to Plaintiff and finds that it fails to cure the deficiencies of the prior complaint, or to present any reasonable objections to the Report and Recommendation to Dismiss. Plaintiff asserts that on an unspecified date, Defendant Richarson conducted a minor infraction hearing, where he allegedly informed Plaintiff that he would not "get off on a 'fucking technicality' and that if (I) Plaintiff shit in his fucking pond (I) Plaintiff

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING ACTION -- 1

wouldn't have nothing coming." Although highly unprofessional and offensive, the alleged statements by Defendant Richarson, including a declaration that Plaintiff was "on [his] shit list," are insufficient to state a plausible claim entitling Plaintiff to relief in this Court.

Plaintiff states he was placed in administrative segregation the following day, pending an investigation for allegedly making threats to staff. Plaintiff asserts that the "documents making allegations against Plaintiff" did not provide adequate evidence of threats. He avers Defendants Fox and Stockwell directed him to write a kite to Defendant Rollins who was allegedly in charge of the investigation, as they claimed they had no information. Plaintiff contends he wrote to Defendant Maggie Miller-Stout, who allegedly failed to investigate the allegations. Plaintiff claims Defendant Green was aware of Defendant Richarson's alleged misconduct, but refused to take action. Plaintiff claims he was transferred to another institution and was seriously assaulted by another inmate.

An inmate has no constitutionally guaranteed protection from being wrongly accused of conduct; rather, he has a constitutional right not to be deprived of a protected liberty interest without due process. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986), *cert. denied,* 485 U.S. 982 (1988). Any due process claim regarding Plaintiff's placement in Administrative Segregation and the alleged failure to provide him with "evidence" to justify his placement, however, must fail. An inmate has "no liberty interest in freedom from state action taken within the sentence imposed," *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quotation omitted), and the Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence. *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986).

Again, the existence of an administrative remedy process does not create any

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING ACTION -- 2

substantive rights and mere dissatisfaction with the remedy process or its results cannot, without more, support a claim for relief for violation of a constitutional right, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The failure of prison officials to respond to or process a particular grievance does not violate the Constitution. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *see also Baltoski v. Pretorius*, 291 F.Supp.2d 807, 811 (N.D.Ind.2003) ("[t]he right to petition the government for redress of grievances, however, does not guarantee a favorable response, or indeed any response, from state officials"). Plaintiff's allegations are insufficient to state a claim against Defendants Miller-Stout, Hewson, Fox, Hughes, Rollins, Green or Stockwell for any alleged failure to investigate his claims.

Plaintiff indicates he was transferred to another institution and assaulted by another inmate. He presents no facts showing the transfer on an unspecified date was anything other than an administrative decision. *See McKune v. Lile*, 536 U.S. 24, 39 (2002)("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). To the extent Plaintiff may be attempting to assert he was afforded insufficient protection resulting in harm inflicted by another inmate, *White v. Roper*, 901 F.2d 1501, 1503-04 (9th Cir. 1990), he would need to present that claim in the district in which it arose.

For the reasons set forth above, in the Report and Recommendation, and also in the Order to Amend or Voluntarily Dismiss, ECF No. 9, **IT IS ORDERED** the Report and Recommendation, ECF No. 11, is **ADOPTED in its entirety**, and this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma*

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING ACTION -- 3

*pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this   17th   day of September, 2013.


*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING ACTION -- 4